PER CURIAM.
Alan Trustman appeals from an order of final summary judgment in a probate action seeking to impose a resulting trust against his father’s estate. We affirm.
The trial court properly entered summary judgment for the estate, as the action was barred by laches. Section 95.11(6), Florida Statutes (1997), provides:
Laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter regardless of lack of knowledge by the person sought to be held liable that the person alleging liability would assert his or her rights and whether the person sought to be held liable is injured or prejudiced by the delay.
Pursuant to sections 95.11(6) and 95.11(3)(k) (a legal or equitable action on a contract, obligation, or liability not founded on a written instrument), Trustman had to assert a resulting trust within four years of the origin of the claim. According to the allegations of Trustman’s own complaint, his father’s repudiation of the alleged oral agreement that gave rise to the claim for a resulting trust occurred approximately thirty-five years ago. Under either the common law laches doctrine or the statutory laches provision, Trustman’s claim for a resulting trust was barred.
AFFIRMED.